UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Antonio Bruno
                Plaintiff,

  -Against-

Anthony J. Annucci
Acting Commissioner
In His Individual Capacities

S. Beck
Medical Department Superintendent
In Her Individual Capacities

Mr. White
Dep. of Security
In His Individual Capacities

J. Wolcott
Superintendent
In Her Individual Capacities

OSI Officers "John Does"
In Their Individual Capacities

Hostage Rescue Team "John Does"
In Their Individual Capacities

Civil Rights
Complaint
Pursuant 42 U.S.C. 1983
   Case No._____-____

**22 CV 686**

Jury Trial Demand: <u>YES</u>

<u>Jurisdiction And Venue</u>

1. This is an action of civil, seeking relief and/or Damages to defend and protect the rights guaranteed by the Constitution of the United States. This Action is brought pursuant to 42 U.S.C.§1983, along with 12101-200. This Court has jurisdiction over the Action pursuant to 28 U.S.C.§ 1331, 1343(3)(4) and 2201.

<u>Parties To This Action:</u>

2. Plaintiff's Information;

    Name: Antonio Bruno, Din. # 09A2092

    Present Place of Incarceration:

        Attica Correctional Facility

        639 Exchange Street

        Attica, New York 14011-0149

3. Defendant's Information;

    Defendant No.1: Anthony J. Annucci

    Official Position: Acting Commissioner

    Address: The Harriman State Campus,

        1220 Washington Avenue

        Albany, New York 12226-2050

4. Defendant No.2: Mr. White

    Official Position: Dep. of Security

    Address: Attica Correctional Facility

        639 Exchange Street

        Attica, New York 14011-0149

5. Defendant No.3: J. Wolcott

    Official Position: Superintendent

    Address: Attica Correctional Facility

        639 Exchange Street

        Attica, New York 14011-0149

<u>1</u>

6. Defendant No.4: John Doe's

   Official Position: OSI Officer's

   Address: Unknown

7. Defendant No.5: John Doe's

   Official Position: Hostage Rescue Team

   Address: Unknown

---

## Statement of Facts Relevent to the Action Herein:

1. On or about April 29, 2022 all incarcerated individuals were put on a "lock down", with no water or power in their cells for eight days. During this time a Hostage Rescue Team was called in due to a disturbance here in Attica. During the eight day lock down the Hostage Rescue Team abused their authority by assaulting the prisoners with excessive amounts of physical and psycological abuse for eight days here in Attica. On May 4, 2022 the OSI Officer's did nothing to stop the Hostage Rescue Team from beating the inmate's in their cells as well as out of their cells. Furthermore, the Hostage Rescue Team were not wearing thier body camera's, so as to ensure the safety of the prisioner's. In C-Block 35-36 Company there are security camera's on the company (see the camera footage for your review).

   Under Directive No. 4910 "For Control of a Search for Contraband". Officer's violated the Directive by coming into my cell while I was

still in the cell. I was having a panic attack and was very paranoid.
I told the Officer's "I need to see Mental Health. I'm on medications
it's urgent. The Officer's response was to physically assault me.
During the search for contraband the Officer's told me to "Shut the
Fuck up or we will kill you".

2. During the search the Officer's took my knee brace that is needed
for a pre-existing medical condition that I suffer from and Arthritis
in my left knee. I told the Officer's I suffer from PTSD and I'm on
medication for my condition. The Officer's response was to violently
assault me to the ground. As a result of these unprovoked and
unwarranted attacks on my person by the Hostage Rescue Team I now
have lasting injuries that I am suffering from.

3. The Medical Department failed to responed in any manner to the
cries/pleas for help from the inmates during the eight day lockdown.
Sick call was on High Notice due to the medical needs of inmates. And
yet no medical provider's came to the Block.

4. I suffered from dizziness, dehydration, and disorientation due to
heat exhaustion, and a severe rash from the heat and plastic
mattress, bronchial irritation from fire "wicks" burning and smoking
all day and night.

5. This has caused increased pain to a pre-existing back injury and
knee injury. Because the Officer's took my knee brace that's needed
day and night to stop the constant pain I suffer with.

6. OSI Officer's were present; Dated:5/4/22 Their names are Ammerman,
Davis, Olson, and Kennedy. They stood idly and watched the Hostage

Rescue Team abuse their power and authority.

7. The challenged conduct was attributable to a person acting under the Color of State Law and that such conduct deprived him of rights, privileges, or immunities secured by the Constitution of the United States.

## Statement of Claims Relevent to the Action Herein:

42 U.S.C.A. §1983 to obtain relief from deprivation of U.S. Constitutions 8th and 14th Amendments;

8. The United States Constitution, along with New York State Article(s), Federal and State Laws and Statues, to protect citizens against, Deprivations of Government arbitrary powers and civil rights, were violated, when Anthony J. Annucci, allowed the Hostage Rescue Team to search Attica Correctional Facility without the proper body camera's to ensure the safety of the inmates at Attica Correctional Facility. The Hostage Rescue Team was under his authority.

9. Dep. of Security, Mr. White, violated the Plaintiff's rights nonetheless. Mr. Bruno does allege that Mr. White was "Grossly Negligent in Supervising [his] subordinates". Mr. White was allegedly responsible for the supervision or individuals who search Attica C.F. on his watch. This allegation does state a cleaim under 'Colon Law" and Mr. White must remain as a defendant.

10. J. Wolcott violated the Plaintiff's rights. Mr. Bruno does allege that J. Wolcott was "Grossly Negligent in Supervising [her] subordinates". Mr. Bruno is alleging that this failure to supervise resulted in Mr. Bruno being mistreated by the Hostage Rescue Team under her Authority.

11. OSI Officer's were present while the searches were taking place. OSI violated the Plaintiff's rights nonetheless. Mr Bruno does allege that OSI was "Grossly Negligent in the Supervising of the Hostage Rescue Team and allowed the Plaintiff to be violently assaulted by the Hostage Rescue Team while on OSI's watch.

12. S. Beck violated the Plaintiff's rights. Mr Bruno does allege that S. Beck was "Grossly Negligent in Supervising [her] subordinates". It is also apparent that S. Beck is responsible for the Medical Department and her lack of supervision resulted in the inmates not recieving any form of medcial help for eight days.

...see Hathaway v. Coughlin, 99 F.3d 550, 553(2d cir. 1995).

13. The Hostage Rescue Team violated the Plaintiff's rights. When they came into my cell, slammed me into the wall which led to my bad knee hitting the wall with significant force and weight of the on-rushing Hostage Rescue Team individuals. I have a pre-existing knee injury with multiple screws inside my knee.

14. The Hostage Rescue Team during the search took my knee brace that is needed every day to help alleviate the pain I suffer with.

15. All defendants have shown deliberate indifference for the mistreatment I endured for eight days. I am a Mental Health inmate and on medication for my condition and was still mistreated by the Hostage Rescue Team.

16. The essential requirements for Action under Section 1983, to obtaining relieft is as follows: Every person who under the color of any Statute, Ordinance, Regulation, Custom, or usage of any state or territory or District of Colombia, subjects or cause to be subjected, any citizen of the United States or other person while within the jurisdiction thereof, to the deprivation of any rights, privileges or immunities secured by the Constitution and Laws. Shall be. Liable, to the party injured in an Action at Law Suit in equity or other proper proceeding for redress.

17. The present case, Plaintiff was deprived of his United States Constitutional Equal and Civil Rights and Privileges. From cruel and unusual punishment in violation of Eighth Amendment, and Plaintiff was denied proper medical care.

18. Attica Dep. of Security, Mr. White, and Superintendent J. Wolcott. Allowed the Hostage Rescue Team to abuse their authority for eight days under supervision. Because "O.S.I." Officer's never stopped the Hostage Rescue Team from abusing their positions of power and authority, while they physically assaulted the prisoners.

<u>Point 2:</u>

Deprivation of the Eight Amendment through that of the

Fourteenth Amendment

---

19. The United States Eighth and Fourteenth Amendments (AMEND) as well as New York Article and Sections, which all states within the jurisdiction of the United States and its Laws, are bound to follow, was deprived. As the 14th Amendment states:

> "All persons born or naturalized in the United States subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; Nor shall any State deprive any person of life, liberty or property without due process of Law: Nor deny to any person within its jurisdiction the equal protection of the laws."

20. The Due Process clause of the 14th Amendment has Two(2) functions. First, it protects the Plaintiff against arbitrary and unfair treatment by State Officials. This aspect of the 14th Amendment is known as <u>Substantive Due Process</u>. <u>Substantive Due Process</u> rights were violated, when Attica Corr. Fac. Superintendent J. Wolcott, and Dep. of Security Mr. White. <u>Allowed the Plaintiff to be abused by the Hostage Rescue Team.</u> The Defendants are acting under the color of State Law. see.. <u>Estelle v. Gamble,</u> 429 U.S. 97, 97 S.Ct. 285, 50L. Ed. 2d 251(1977). The Supreme Court ruled that "Deliberate Indifferemce

7

constitutes the unnecessary and wanton infliction of
pain,...proscribed by the 8th Amendment." see... Gregg v. Georgia,
428 U.S. 153, S.Ct. 2909, 49 L. Ed. 2d 859 (1976).

21. The Second function of the Due Process clause is to ensure
that the Plaintiff is and was not deprived for life, liberty or
property without due process of the Law. This aspect of the 14the
Amendment is known as Procedural Due Process. The Plaintiff under
this clause [has] met the requirement of a 14th Amendment
violation. First, the Plaintiff was deprived of his liberty and
adequate medical treatment and care interests. When, the Plaintiff
needed medical attention after the physical abuse from the Hostage
Rescue Team. This left the Plaintiff to suffer in his condition
while having to file multiple grievances seeking medical help.

22. The Third requirement for procedural Due Process claim is that
the medical staff at Attica Corr. Fac. intended to deprive the
Plaintiff of his liberty and/or life interests. When he was never
seen by staff while seeking medical help. see. Hathaway v.
Coughlin, 99 F. 3d 550, 553 (2nd cir.(1996).

23. Defendant('s) Anthony J. Annucci, Superintendent J. WOlcott,
Dep. of Security Mr. White, OSI Officer's, Medical Superintendent
S. Beck and the Hostage Rescue Team were deliberately indifferent
to the Plaintiff's rights and (DOCCS) policies. Court(s) have held
that repeated examples of negligence and negligent acts, which
disclose a pattern of conduct by the prison staff may add up to
deliberate indifference. see... Langley v. Coughlin, 715 F. Supp.
552, 541 (S.D.N.Y.)(1998)

24. As one Court has held: Deliberate indifference can be proved by showing a prison offical's mental state... but deliberate indifference is also a standard for measuring the adequacy of prison offical's responses to the known medical needs of incarcerated individuals to make their needs known.

25. Deliberate indifference to a serious Mental Health need. The PLaintiff has been on Mental Health medications and getting help from Mental Health specialists for years due to his (PTSD) condition, due to the eight days of abuse has worsened the Plaintiff's condition. The Plaintiff asked for Mental Health help but was not able to see a Mental Health provider.

---

## Statement of Cause of Action
### Relevant to the Action Herein:

First Cause of Action:

Deprivation of U.S. 8th and 14th Amendment

26. Anthony J. Annucci, and Superintendent J. Wolcott, Dep. of Security Mr. White, the supervising defendant's. Were, "Grossly Negligent in supervising their subordinates." It is also apparent that Mr. Bruno is alleging that this failure to supervise resulted in Mr. Bruno being abused by Officers when Anthony J. Annucci, failed to ensure that the Hostage Rescue Team wear body camera's to ensure the safety of the prisoners in DOCCS custody. see..

Farmer v. Brennan, 511 U.S. at 837,114 S.Ct. 1970

27. J. Wolcott, Dep. of Security Mr. White were "Grossly Negligent in supervising their subordinates." It is also apparent that Mr.Bruno is alleging that this failure to supervise. Resulted in Mr. Bruno being physically assaulted and have his medical knee brace taken away by the Hostage Rescue Team.

---

## Second Cause of Action:

### Deliberate Indifference to Serious Medical Need

28. Dep. Superintendent of Health S. Beck was "Grossly Negligent in supervising subordinates." It is also apparent that Mr. Bruno is alleging that this failure to supervise resulted in Mr. Bruno to have suffered in his condition. As he informed medical that the Hostage Rescue Team too his medically needed knee brace during the search. see... Colon, 588 F. 3d. at Poe v. Leonard, at 873; 282 F. 3d 123, 140 (2nd cir. 2002)

---

### Pleading or Relief Sought by the Plaintiff:

29. Plaintiff seeks a Jury Trial, for punitive damage's, declatory and monetary relief in the amount of $15,000,000.00 From Anthony J. Annucci, who was deliberately indifferent to the safety of the Plaintiff when he failed to ensure that the Hostage Rescue Team wear body cameras during an eight day search of Attica Corr. Fac.

30. Plaintiff seeks a Jury Trial, for punitive damage's, declatory and monetary relief in the amount of $10,000,000.00 From Dep. of Security Mr. White. For the failure to supervise the Hostage

Rescue Team during the eight day search. This failure to supervise resulted in Mr. Bruno being physically assaulted with excessive violence and force by the Hostage Rescue Team.

31. Plaintiff seeks a Jury Trial, for punitive damages, declaratory and monetary relief in the amount of $7,000,000.00 From J. Wolcott the Superintendent of Attica Correctional Facility who was "Grossly Negligent in supervising [her] subordinates." The Superintendent allowed this violent assault to go on for eight days under her control.

32. Plaintiff seeks a Jury Trial, for punitive damages, declaratory and monetary relief in the amount of $4,000,000.00 From the Superintendent of the Medical Department at Attica Correctional Facility, S. Beck, who was "Grossly Negligent in supervising medical staff who never responded to the Block for eight days and let the inmates suffer in their conditions.

33. Plaintiff seeks a Jury Trial, for punitive damages delcaratory and monetary relief in the amount of $6,000,000.00 From each OSI Officer who witnessed the Hostage Rescue Team violently assault th inmates at Attica Correctional Facility for eight days while searching.

34. Plaintiff seeks a Jury Trial, for punitive damages, declaratory and monetary relief in the amount of $25,000,000.00 From the Hostage Rescue Team for the violent assaults on the inmates at the Attica Correctional Facility for eight days.

<u>11</u>

Signed: <u>ANTONIO BRUNO</u>, Day of <u>9-2-</u>2022

_Antonio Bruno_
Pro Se Plaintiff
Antonio Bruno
Din# 09A2092

I, Antonio Bruno, Declare under the Penalty of Perjury, 28 U.S.C.§1746, <u>Duncan v. Foti</u>, 828 F. 2d 297, That the above written complaint is true and correct.

_Antonio Bruno_
Pro Se Plaintiff:
Antonio Bruno
Din # 09A2092
Attica Corr. Fac.
639 Exchange Street
Attica, New York
14011-0149

Dated: <u>   9 - 2 -   </u>, 2022

<u>12</u>

YORK | CORRECTIONS and
Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

TO: Bruno, A                **MEMORANDUM**        09A2092                    C 35-34

FROM:    IGRC

DATE:        MAY 18 2022

RE:        GRIEVANCE SUBMITTAL

Today, this office has received your complaint dated _____.

☐ It has been logged as Grievance # _____ Code _____ and titled, _____. You will b scheduled for an IGRC hearing once the investigation has been completed.

☐ It has been consolidated as a "Like" grievance with Grievnce # _____

☐ It has been logged as Grievance # _A001-22_, a Code 49 and titled, _Frisk Procedures_. It has een passed through to the Superintendent and you will receive a response directly frm the Superintendent once the investigation has been completed.

☐ It is being returned to you as the incident you referred to occurred on _____ which is beyond the 21-day timne for filing a grievance, per Directive #4040 §701.5 (a)(1). No further action will be taen regarding this grievance.

Copies of grievances or supporting documentation should be requested via the FOIL Officer in accordance with Directive #2010.

cc:    File
       Attachment

1)

FORM 2131E (9/12)       STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

### INMATE GRIEVANCE COMPLAINT

|  |
|---|
| **Grievance No.** |

_ATTICA_ _____ CORRECTIONAL FACILITY

Date: _5/11/22_

Name: _ANTONIO BRUNO_ _____ Dept. No.: _09A2092_ Housing Unit: _C/35/34_

Program: _____ AM _____ PM

***(Please Print or Type – This form must be filed within 21 calendar days of Grievance Incident)****

Description of Problem: (Please make as brief as possible) _IM Amending Grievance That was Submitted Dated 5/8/22, on April 29, 2022 ALL Incarcerated Individu Were Lock Down Due to the Disturbance In c/Block. We ALL was Lock down For 8 Days, I Suffered From DIZZINESS, Dehydration, And Disorientation Due To heat Exhaution, A Severe Rash from heat And Plastic Mattress, Bronchial IRRItation Fires In c/Block And Increased Pain To A Pre Existing Back Condition From a small Bed, and arthritis In My Left Knee; →_

Grievant
Signature: _ANTONIO BRUNO_ _____

Grievance Clerk: _____ Date: _____

Advisor Requested  ☐ YES  ☐ NO  Who: _____

Action requested by inmate: _I ReQuest Investigation Involving Conditions of Confinement, My ConTiTuTional Rights have Been Violated And I have DePrived of Liberty Where I Could not ProGram or tak a shower or talk to My family on the Phone, I suffered From Physical Injury._

The Grievance has been formally resolved as follows:

_____

_____

_____

_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant
Signature: _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

FORM 2131E (REVERSE) (9/12)

## Response of IGRC:

Date Returned to Inmate: _____    IGRC Members: _____

_____

Chairperson: _____    _____

_____

_____

Return within 7 calendar days and check appropriate boxes.*

☐ I disagree with IGRC response and wish to appeal to Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I apply to the IGP Supervisor for review of dismissal.

Signed: _____          _____
                    Grievant                                    Date

_____          _____
        Grievance Clerk's Receipt                    Date

*To be completed by Grievance Clerk.*

Grievance Appealed to the Superintendent: _____
                                                                         Date

Grievance forwarded to the Superintendent for action: _____
                                                                                      Date

* An exception to the time limit may be requested under Directive #4040, section 701.6(g).

2)

<u>AMENDING COMBINE WITH PAGE 1-5.</u>

"OSI OFFICERS WERE PRESENT DATED 5/4/22, there names are <u>AMMERMAN, DAVIS, OLSON, KENNEDY</u>, They Watch Hostage Rescue Team (A) ABUSE there Authority, (B) BY Harassment of Prisoners against Department Rules." (C) There ASSAULT on Prisoners and there (Physical / Psychological) AGAinst Prisoners, "Im a Witness" to this Incident dated 5/4/22, that OSI officers did nothing to stop the officer's from Abuseing Prisoners In there Cell and out there Cell With "BRUT FORCE". Futhermore "Hostage Rescue Team (HRT) did not have there body Camera On them" In C-Block 35-36 Company thaY have Camera's on the Company "See the Camera for Your Review"

I Quote Under Directive No. 4910 for control of & search for Contraband officer's Violated the Directive bY Comeing In the Cell WhY Im still In MY Cell, I got Par'anoid I told the officers I need to see Mental health Its Urgent, the officer's that Were In MY Cell With Me told Me to shut the fuck Up and grab Your Mattress and Back UP, Officer's denY Me "Mental Health" and Im a Client I suffered from (PTSD) and Im On Medacation for MY Condition, See Directive No. 4910 <u>see D. Placement of Incarcerated Individuals 3 officers</u> Was never to enter MY Cell WhY Im still In MY Cell, officers Violated there emploYee Manual BY not approaching MY Gate First Before Comeing In MY cell thaY never stated let Me See Your I.D. and Razor." <u>"See the Camera for Your Review".</u>

4)

I was not feed food by officers dated 5/4/22, no laundry or cleaning supplies available to me or prisoners, I could'it work out in the yard to do the proper therapy for my arthritis in my left knee.

<u>Conclusion</u>

"The excessive heat in my cell made me dizzy, dehydrated, and disoriented, and gave me severe rash, that smoke from rolled toilet paper "wicks" and frequent use of "smoke" gave me bronchial irritation and a runny nose, and the small bunk aggravated my back and the arthritis to my left knee, and its documented about my left knee for physical injury, officer's not feeding me my food, I witness officers Assault prisoners, officer's denying me mental health when officer's came 3 deep in my cell made me very paranoid, officer's searching my cell throwing legal document's on the floor and clothes on the floor, officers not putting my property back in a thorough and orderly fashion and all my state and personal property shall be examined carefully living the cell in the same condition they were prior to search. officers from the (HRT) not wearing body camera's during there Assault on prisoners that I witness, officer's not provided me a cell Fnisk/Contraband receipt form X 2077, In accordance with Directive X 4910 A. My Constitutional Rights have been Deprived of Liberty where I could not program or take a shower or talk to my family on the phone, no laundry or cleaning supplies available to me or prisoners

5)

"There was no cold water or hot water was the cause for my dehydration and dizziness, I was complaining about my left knee because I was In pain due to the arthritis, to the officer about my left knee and they Refuse me treatment and I drop a sick call slip dated - May 4, 2022 for my knee no nurse came to see me the next day, I was Refuse treatment, by medical staff, I could'it workout In the yard to do the proper therapy for my arthritis In my left knee. I suffered from Physical Injury." See the camera for your Reveiw.

ACTION REQUESTED

1) In the furture Search(s) of such kind, the officer(s) follow Directive 4910 and put my Property back as neat as possible."

2) That each Inmate receive a bottle of water If such search take hour(s);

and 3). That Inmate(s) be feed food properly 3 meals a day and be allowed to take shower(s) use the phone and go to the yard to workout Phyiscal therapy for my left knee.

Respectfully submitted
Antonio R. Bruno

cIcIF.:



**Corrections and
Community Supervision**

KATHY HOCHUL                    ANTHONY J. ANNUCCI
Governor                       Acting Commissioner

To:    Bruno, A. - #09A2092                                    C-35-34

From:  IGPS K. Hostettler

Date:  7/21/2022

Re:    A-1001-22

Contrary to your assertions your appeal was sent to CORC on 7/11/2022.  When the investigation
is completed and a Supt. response is written it will be forwarded to you.  If you wish to make an
additional appeal statement at that time you can send it to my office and it will be forwarded to
CORC to be added to the grievance file for A-1001-22.

0356-22



## Corrections and Community Supervision

**KATHY HOCHUL**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

To:    Bruno, A. - #09A2092                                          C-35-34

From: IGPS K. Hostettler

Date: 7/7/2022

Re:    A-1001-22


I am in receipt of your request to appeal A-1001-22 to CORC.  Your grievance file will be pulled and processed.  Your appeal will be forwarded to CORC within 7 days as outlined in Directive #4040.


0314-22



ANTONIO BRUNO #09A2092

ATTICA CORR,FACILITY

PO BOX 149

ATTICA,NEW YORK 14011-0149

22 CV 686

9-2-22

UNITED STATES DISTRICT COURT CLERK

200 U.S.COURTHOUSE

2 NIAGARA SQUARE

BUFFALO,NEW YORK 14202-3498

P:(716)551-1700

DEAR.SIR OR MADAME:

   I WRITE YOU TO INFORM THE COURT THAT IM SUBMITTING A PETITION IN YOUR COURT FOR A CIVIL LAW SUIT AGAINST ATTICA CORR, FACILITY ENCLOSE TO THE PETITION AND ATTACHED TO THE DOCUMENTS IS THE GRIEVANCE COMPLAINT THAT WAS EXHAUSTED BY CORC IN ALBANY.

   YOUR TIMELY RESPONSE WOULD BE GREATLY APPRECIATIVE IN THIS MATTER.

RESPECTFULLY SUBMITTED

ANTONIO BRUNO#09A2092

C/C/F:

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

22 CV 686

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Antonio Bruno #09A2092

**DEFENDANTS**

Anthony J. Annucci, et al

**(b)** County of Residence of First Listed Plaintiff    Wyoming
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Pro Se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☒ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §1983

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

FROM: ANTONIO BRUNO#09A2092

ATTICA CORR, FACILITY

PO BOX 149

ATTICA, NEW YORK 14011-0149

7018 3090 0001 5648 1212

LEGAL MAIL



10.61





ZIP 14011
041M11284163

TO:UNITED STATES DISTRICT COURT CLERK

    200 U.S.COURTHOUSE

    2 NIAGARA SQUARE

    BUFFALO, NEW YORK 14202-3498



USDC - WDNY
SEP 1 2 2022
BUFFALO